Judge Robertson
delivered the opinion of the Court.
Williams purchased a tract of land frota Yater, for which Yater bound himself to make a special warranty deed, as soon as the whole consideration should be paid. Williams having paid all the price except the last instalment, Potts, the assignee of the note therefor, obtained a judgment against him. To enjoin this judgment, the bill in this case was filed. It charges, among other things, a payment of $60, for which no credit was allowed; that Yater represented that he had a perfect legal title to the land, derived from the patentee, Abercrombie. But that the title had never passed from Abercrombie to Fowler, under whom Yater held, and that Yater had removed from the state. There is a prayer for a specific execution, if the legal title be in Yater; otherwise, fora recision of the contract.
Yater denies fraud; denies that Williams is entitled to any credit; insists that his title is complete, and offers a deed. He does not, however, deny that he stated that he had derived, and held all the title of the patentee; and in exhibiting the evidences of his deduction of title, he shows that Abercrombie, had only conveyed to. Fowler, for specified purposes, and held a mortgage on the land, to secure their fulfilment.
The circuit court dissolved the injunction, and dismissed-the bill, and made no decree as to the title.
This decree is erroneous. 1st. The title is not complete. The patentee has not conveyed to Fowler, the absolute fee simple. Abercromiiie, the patentee, conveyed to Fowler, 14,000 acres, and Fowler then mortgaged the land to Abercrombie, as a security for conveyances, by Fowler, to such persons as had previously bought from Abercrombie; and it does not appear whether the deed from Fowler, violates this condition or not. And, although Yater was only bound to convey, by deed of special warranty; nevertheless, he cannot perform this engagement, unless he has a conji *597 píete legal title. He is bound to make a legal title to Williams. This he cannot do, unless he hold a legal title. As, therefore, he was unable to comply with his covenant, and had left the state, Williams had a right, on this ground, to an injunction. Consequently, the injunction ought not to have been dissolved, nor a decree rendered for costs and damages. 2d. As Yater was called on to exhibit his title, and the court asked to decree a conveyance, if the title were good, it was erroneous to dismiss the bill, without making a decree for a title. 3d, As the title is not shown to be complete., the court ought either to have perpetuated the injunction and rescinded the contract, orto have given Yater a reasonable time, to obtain or exhibit the title. Williams is not bound to accept a deed from Yater, unless it will convey a complete legal title. It is not material whether Yater’s title be the best or not, but it must be complete in itself. A covenant for a special warranty title, is nothing less than a covenant for a legal title. A covenant for title, without any warranty, binds the covenantor to make a good legal tille. The only difference between a general and special warranty, is, that the one binds the covenantor, and the other does not, to indemnify the covenantee, for an eviction by a stranger. Each is equally broken, jf the warrantor had no title, regularly derived from the commonwealth.
If Williams desired to render his title unquestionable, he ought to have made Fowler and Abercrombie parties.
As in this case, it is probable that there was no fraud, and that Yater believed that his title was perfect; and as Williams has enjoyed the uninterrupted use and possession of the land, and it would be difficult, by a recision, to place the parties in “statu quo,” it will be proper, to allow Yater time to obtain the legal title, in an unquestionable shape. This will be justice, and Williams being complainant, can ask nothing more than justice.
Wherefore, the decree of the circuit court is reversed, and the cause remanded, with instructions to allow Yater a reasonable time for obtaining the legal title, if he has not such title, or if he has, for shewing *598 that fact, by making the proper parties for that purpose, to-wit: Fowler and Abercrombie; and if he shall procure the title, or show that he already has acquired, it, to decree a conveyance of it to Williams, and dismiss his bill, and dissolve his injunction,.without costs or damages; but to rescind the contract on equitable terms, if Yater shall refuse, or be unable to procure or to prove a complete title from the patentee.
Depew, for plaintiff; C. S. Bibb for defendant.